# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ROBERT LA ROCCA,**

    **Plaintiff,**

                          **CASE NO.:**

**v.**

**CSX CLOUD LLC, and
JASON LAFFREY, an
individual**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT LA ROCCA, by and through undersigned counsel, brings this action against Defendants, CSX CLOUD LLC and JASON LAFFREY in his individual capacity ("Defendants") and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3), and unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## **PARTIES**

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendants operate a technology company in Tampa, in Hillsborough County, Florida.

## **GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendants continue to be "employers" within the meaning of the FLSA.

12. At all times material hereto, Defendants were and continue to be enterprises covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant CSX CLOUD LLX exceeded $500,000 per year.

15. Defendant JASON LAFFREY is the owner of CSX CLOUD LLX.

16. As part of his duties, Defendant JASON LAFFREY supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant JASON LAFFREY also controlled the payroll practices of CSX CLOUD LLX.

17. Through the exercise of dominion and control over all employee-related matters at CSX CLOUD LLC, in his individual capacity JASON LAFFREY is also an "employer" within the meaning of the FLSA.

18. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## **FACTS**

19. Plaintiff began working for Defendants as an information technology manager in July 2021, and he worked in this capacity until August 17, 2021.

20. In exchange for Plaintiff's services, Defendants agreed to pay Plaintiff a wage.

21. Defendants failed to pay Plaintiff all wages owed to Plaintiff.

22. Plaintiff's unpaid wages constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

23. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and he was entitled to be

compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

24. Defendants failed to pay Plaintiff an overtime premium for all of his overtime hours, in violation of the FLSA.

25. On or about August 16, 2021, Plaintiff contacted the Department of Labor and reported Defendants' failure to compensate him in accordance with the FLSA.

26. Defendants retaliated against Plaintiff for reporting Defendants to the Department of Labor by terminating his employment.

27. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

**COUNT I – UNPAID WAGES UNDER FLORIDA COMMON LAW**

28. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

29. During the statutory period, Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for Plaintiff's services.

30. Defendants failed to pay Plaintiff all "wages" owed to Plaintiff.

31. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue, and that this Court take jurisdiction over the case;

    c) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

    d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

    e) For such further relief as this Court deems just.

## COUNT II – FLSA OVERTIME VIOLATION

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

33. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

35. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

    c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT III – FLSA RETALIATION

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

37. Plaintiff engaged in protected activity under the FLSA by requesting to be paid in accordance with the FLSA and reporting Defendants' failure to do so to the Department of Labor.

38. Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA by terminating Plaintiff's employment.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

40. Plaintiff was injured due to Defendants' violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendants, stating that Defendants retaliated against Plaintiff in violation of the FLSA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Compensatory damages, including emotional distress, allowable at law; and

For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 29th day of October, 2021.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**