**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT LA ROCCA,

    Plaintiff,

v.                                                         Case No: 8:21-cv-2547-CEH-CPT

CSX CLOUD LLC and JASON
LAFFREY,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Entry of Final Judgment in Part and Final Judgment in Part as to Liability Only (Doc. 12), filed on January 12, 2022. In the motion, Plaintiff requests entry of final judgment as to damages for Counts I and II and final judgment as to liability for Count III. The Court, having considered the motion and being fully advised in the premises will deny, without prejudice, Plaintiff's Motion for Entry of Final Judgment in Part and Final Judgment in Part as to Liability Only.

In this action brought under the Fair Labor Standards Act ("FLSA"), Plaintiff Robert La Rocca ("Plaintiff") moves the Court pursuant to Federal Rules of Civil Procedure 54, 55, and 58 for entry of a final default judgment as to Counts I and II of the Complaint and final judgment as to liability only for Count III, against Defendants CSX Cloud LLC and Jason Laffrey ("Defendants"). Doc. 12 at 1. In support of his motion, Plaintiff asserts that Defendants were served with a copy of the Complaint on

November 8, 2021, and never retained counsel and failed to file a responsive pleading. The Clerk entered defaults against the Defendants on December 23, 2021. Docs. 10, 11. Plaintiff is now seeking final judgment as to damages for his FLSA claims for unpaid wages and overtime violations in Counts I and II and final judgment as to liability as to his retaliation claim in Count III. Plaintiff attaches to his motion affidavits regarding his claim for damages and a proposed final judgment. Docs. 12-1, 12-2, 12-3.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear, pursuant to Rule 55(b). *DirectTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). A defendant who defaults is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact," *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987), but "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law," *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1]; *see GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (explaining that allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief and jurisdiction is established).

---

[1] In *Bonner v. City of Prichard,* the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Additionally, a plaintiff is entitled to only those damages adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). As such, "the court must determine the amount and character of damages to be awarded." *Armadillo Distrib. Enters., Inc. v. Hai Yun Musical Instruments Manufacture Co. Ltd.*, 142 F. Supp. 3d 1245, 1255 (M.D. Fla. 2015). If default judgment is warranted, a court may hold a hearing to assess damages, but a hearing is not required where sufficient evidence is submitted to support the claimed damages. *Id.* Where applicable, courts within the Eleventh Circuit assessing the reasonableness of a request for attorney's fees utilize the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1298–99 (11th Cir. 1988).

Although Plaintiff attaches affidavits supporting his claimed damages, the Motion for Entry of Final Judgment fails to set forth the elements of Plaintiff's claims against Defendant, with citation to legal authority, or show how the well-pleaded allegations of the complaint establish those elements. Instead, the motion merely concludes that Plaintiff is entitled to a default judgment under Rule 55 of the Federal Rules of Civil Procedure because the Clerk entered a default against Defendants. Doc. 12 at 2. However, Plaintiff is not entitled to entry of a default judgment against Defendants simply because a clerk's default has been entered. *Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"); *Cloer v. Green Mountain Specialties Corp.*, No. 6:18-cv-999-Orl-PGB-KRS, 2018 WL 7287153, at *1 (M.D. Fla. Aug. 30, 2018) ("defaulted defendant is not, however, held to admit facts that are not well-

3

pleaded or to admit conclusions of law") (internal quotations omitted). Consequently, the Plaintiff's Motion for Entry of Final Judgment in Part and Final Judgment in Part as to Liability Only is deficient and due to be denied. *See, e.g., id; Sec'y of Labor, U.S. Dep't of Labor v. Gen. Projection Sys., Inc.*, No. 6:17-cv-855-Orl-RBD-KRS, 2018 WL 8129782, at *1–2 (M.D. Fla. Aug. 28, 2018). Therefore, the Court will deny Plaintiff's motion, without prejudice. Plaintiff may file an amended motion for default judgment within the time prescribed below.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Entry of Final Judgment in Part and Final Judgment in Part as to Liability Only (Doc. 12), is **DENIED**, **without prejudice**.

2. Plaintiff may file an amended motion for default judgment, which must be filed within **TWENTY-ONE (21) DAYS from the date of this order** and correct the deficiencies noted herein. Any amended motion must be supported by a memorandum of law that addresses the propriety of service, the elements of Plaintiff's claims against Defendants and whether the allegations of the complaint establish Defendants' liability and Plaintiff's damages, complete with citations to the complaint (by paragraph number), the record, and applicable law. To the extent that Plaintiff seeks attorney's fees, it shall set forth the legal basis for entitlement to attorney's fees and provide evidence regarding the reasonableness of the amount sought.

**DONE AND ORDERED** in Tampa, Florida on February 7, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any