UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT LA ROCCA,

    Plaintiff,

v.                                                              Case No. 8:21-cv-2547-CEH-CPT

CSX CLOUD LLC, and
JASON LAFFREY,

    Defendants.
_____/

**O R D E R**

Before the Court is *Plaintiff[ Robert La Rocca]'s Amended Motion for Entry of Final Judgment in Part and Final Judgment in Part as to Liability Only*. (Doc. 14). For the reasons discussed below, La Rocca's motion is denied without prejudice.

I.

La Rocca initiated this action in October 2021 pursuant to the Fair Labor Standards Act (FLSA) and Florida common law against his former employer, Defendant CSX Cloud LLC (CSX), and CSX's owner, Defendant Jason Laffrey. (Doc. 1). La Rocca alleges in his complaint, *inter alia*, that he worked as an information technology manager at CSX between July and August of 2021 and was promised an hourly wage of $30. (Docs. 1, 14-1). He further avers, however, that the

Defendants failed to pay him all of the renumeration to which he was entitled, including the monies he was owed for labor he performed in excess of forty hours per week. *Id.* La Rocca additionally alleges that the Defendants terminated him after he reported their failure to compensate him to the Department of Labor. (Doc. 1). Based upon these averments, La Rocca asserts a state law claim for unpaid wages (Count I), as well as FLSA claims for overtime violations and retaliation (Counts II and III). *Id.*

After the Defendants failed to respond to his complaint, La Rocca obtained a Clerk's default against them pursuant to Federal Rule of Civil Procedure 55(a). (Docs. 10, 11). By way of the instant motion, La Rocca now requests that the Court enter default judgments against the Defendants for liability and damages as to his state law and FLSA overtime claims (Counts I and II), as well as for liability as to his FLSA retaliation claim (Count III). (Doc. 14).[1] La Rocca also seeks attorney's fees and costs. (Docs. 14, 14-2).

The Defendants have not filed any objections to La Rocca's motion, and the time for doing so has expired. The matter is therefore ripe for the Court's consideration.

II.

Federal Rule of Civil Procedure 55(b) provides that where, as here, a clerk's default has been entered, a plaintiff may apply to either the clerk or the court for the

---

[1] La Rocca previously filed a motion seeking similar relief (Doc. 12), which the Court summarily denied as inadequately briefed (Doc. 13).

entry of a default judgment. Fed. R. Civ. P. 55(b). Before awarding a default judgment, however, a court must "ensure that it has jurisdiction over the claims and parties." *Wagner v. Giniya Int'l Corp.*, 2020 WL 7774385, at *1 (M.D. Fla. Dec. 3, 2020), *report and recommendation adopted*, 2020 WL 7768949 (M.D. Fla. Dec. 30, 2020); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (citation and quotation omitted).

If jurisdiction is established, a court must then ascertain whether "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The burden on the movant in this context is akin to the one borne by a party seeking to defeat a motion to dismiss for failure to state a claim. *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (per curiam) ("The requisite factual showing for a default judgment is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim.") (citing *Surtain*, 789 F.3d at 1245);[2] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). Thus, a court looks to

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

see whether the complaint contains adequate factual averments, which—if accepted as true—state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

If a claim is properly pleaded, a court must then address the issue of damages. In deciding that question, a court may conduct an evidentiary hearing on the matter. Fed. R. Civ. P. 55(b)(2)(B). Such a hearing is not necessary, however, where the sought-after damages constitute a liquidated sum, are capable of mathematic calculation, or "where all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citation omitted); *see also Perry Ellis Int'l, Inc. v. URI Corp.*, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007) (observing that a court may grant statutory damages "based upon affidavits and other documentary evidence if the facts are not disputed"); *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (finding that there was no need for a hearing where the plaintiff requested statutory damages and "attached detailed declarations with accompanying documentary evidence" to its motion for a default judgment). Resolution of the damages issue is ultimately left to a court's sound discretion. *Axiom Worldwide, Inc. v. Excite Med. Corp.*, 591 F. App'x 767, 775 (11th Cir. 2014); *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 912 (11th Cir. 2011) (per curiam).

Each of the above considerations—jurisdiction, liability, and damages—will be addressed in turn.

A.

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over all civil actions "arising under" the laws of the United States. 28 U.S.C. § 1331. Such laws include the FLSA. *Nicopior v. Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1284 (S.D. Fla. 2019) ("There is no dispute that the [c]ourt has federal question jurisdiction over [the p]laintiffs' FLSA claim.") (citing 28 U.S.C. § 1331). As a result, the Court has subject-matter jurisdiction over La Rocca's FLSA claims. The Court also seems to have supplemental jurisdiction over La Rocca's state law claim. *See Thompson v. Made to Move Inc.*, 2021 WL 5142503, at *3 (M.D. Fla. Oct, 7, 2021), *report and recommendation adopted*, 2021 WL 5141376 (M.D. Fla. Nov. 4, 2021).

Turning to the matter of personal jurisdiction, that "concept" consists of "two distinct components: amenability to jurisdiction and service of process." *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983); *see also Prewitt Enters., Inc. v. Org. of Petrol. Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003). "Amenability to jurisdiction" means that a particular defendant is within the substantive reach of the court's jurisdiction under the governing law. *DeMelo*, 711 F.2d at 1264 (citation omitted). Service of process, on the other hand, "is simply the physical means by which that jurisdiction is asserted." *Id.* (citation omitted).

In this case, La Rocca does not demonstrate that CSX and Laffrey are amenable to the Court's jurisdiction. All that the Court can discern from La Rocca's complaint is that the "Defendants operate a technology company" in Hillsborough County, Florida and that all events giving rise to the complaint occurred there. (Doc. 1 at 1–

5

2). These averments, standing alone, appear inadequate to satisfy the amenability to jurisdiction requirement. *See Nelson v. Atlas Apt. Homes, LLC*, 2020 WL 10456790, at *3 (M.D. Fla. Aug. 10, 2020) ("[The p]laintiff has not established that his conclusory assertion—'[the d]efendant does business and [the p]laintiff worked for [the d]efendant in this District'—is sufficient, without further detail, to establish personal jurisdiction under Florida law."); *Louis v. Milton Transp., Inc.*, 2020 WL 4057567, at *4 (M.D. Fla. July 20, 2020) ("The [c]omplaint alleges that [the defendants] actively 'transact[ed] business throughout Florida, including Lee County.' However, this allegation, by itself, is insufficient."); *Am. Registry, LLC v. Hanaw*, 2014 WL 12606501, *8 (M.D. Fla. July 16, 2014) ("[The p]laintiff also alleges that [the defendants] 'conduct[ed] business within this judicial district.' This allegation is conclusory and cannot serve as the basis for personal jurisdiction."). LaRocca does not provide any case authority suggesting otherwise.

      La Rocca also does not show that the Defendants were properly served. Federal Rule of Civil Procedure 4(h) addresses service of process upon a limited liability company like CSX. Fed. R. Civ. P. 4(h); *Tetra Tech EC, Inc. v. White Holly Expeditions LLC*, 2010 WL 3259696, at *6 (M.D. Fla. Aug. 16, 2010). Service may be accomplished on such entities pursuant to Rule 4(h)(1)(B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, Rule 4(h)(1)(A) provides that a limited liability company may be served "in a manner prescribed by rule 4(e)(1) for serving an individual." Fed.

R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, states that an individual may be served in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Courts strictly construe statutes regulating service of process, *Florio v. Success Agency LLC*, 2017 WL 8897130, at *3 (S.D. Fla. Oct. 30, 2017), and a plaintiff bears the ultimate burden of proving that service of process was valid, *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) (per curiam).

Here, La Rocca maintains that he served "[CSX] and [its] Registered Agent Jason Laffrey" at an address in Miami, Florida described as a "virtual office." (Doc. 14 at 3) (citing Doc. 7). In the verified return of service, the process server attests that he left the summons and complaint with a person described as "Jane Doe" and that he confirmed the address was the "principal address for the corporation and registered agent." (Doc. 7). According to La Rocca, service in this manner was appropriate under Florida Statute §§ 48.031(6)(a) and (b). (Doc. 14 at 3).

Because La Rocca contends his efforts to serve CSX and Laffrey complied with Florida law as required by Rules 4(h)(1)(A) and 4(e)(1), the Court begins its analysis there. Florida Statute § 48.062 governs service of process on limited liability companies. It states, in relevant part:

> If the address for the registered agent, member, or manager is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the domestic or foreign limited liability company may be made

7

> by serving the registered agent, member, or manager *in accordance with [section] 48.031.*

Fla. Stat. § 48.062(4) (emphasis added).

Section 48.031—the specific provision cited in subsection 48.062(4) above and upon which La Rocca now relies—provides, in pertinent part:

> (a) *If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite*, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, *but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.*
>
> (b) For purposes of this subsection, the term "virtual office" means an office that provides communications services, such as telephone or facsimile services, and address services without providing dedicated office space, and where all communications are routed through a common receptionist.

Fla. Stat. § 48.031(6)(a), (b) (emphasis added). Courts have interpreted this provision to allow substitute service at a virtual office if "(1) it is the only address discoverable through the public records, and (2) the process server determines that the person to be served maintains a mailbox at that location." *ViSalus, Inc. v. Then*, 2013 WL 3682239, at *2 (M.D. Fla. July 12, 2013) (quoting *Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC*, 16 So. 3d 1009, 1012 (Fla. Dist. Ct. App. 2009)).

La Rocca fails to cover these matters sufficiently in his motion. As an initial matter, La Rocca does not argue, much less establish, that the address used for service was the "only address discoverable" for CSX. *ViSalus*, 2013 WL 3682239, at *2. This

8

deficiency alone is fatal to his claim that he properly served CSX pursuant Rules 4(h)(1)(A) and 4(e)(1) and Florida law. *Clauro*, 16 So. 3d at 1012 (explaining that the plaintiff's failure to show a private mailbox address was the only address discoverable through the public records was reason alone to reverse a default judgment).

Nor does La Rocca show that service has been properly effectuated on CSX pursuant to Rule 4(h)(1)(B). As noted above, that rule allows for service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). La Rocca, however, does not demonstrate that "Jane Doe" held any of these positions. *See Blue-Grace Logistics, LLC v. Harry Logistics, Inc.*, 2020 WL 10055354, at *1 (M.D. Fla. Dec. 7, 2020) (concluding that the plaintiff failed to establish the person served was an officer, managing or general agent, or agent authorized to receive service of process); *3Lions Publ'g, Inc. v. Mkt. Rsch., Inc.*, 2015 WL 12850595, at *1 (M.D. Fla. Jan. 22, 2015) (finding service of process to be inadequate because the plaintiff offered no support that the person served was an "officer" of the defendant company).

With respect to service of process on Laffrey, La Rocca asserts that he perfected service at the same virtual office pursuant to Florida Statute § 48.031(6) (Doc. 14 at 3), and the process server attests in the verified return of service that Laffrey "is listed with Sun-Biz at this address" (Doc. 8). As with service upon CSX, however, La Rocca does not show that this is the only address for Laffrey available in the public record. *ViSalus*, 2013 WL 3682239, at *2; *Clauro*, 16 So. 3d at 1012.

In sum, La Rocca does not meet his burden of demonstrating that CSX and Laffrey were correctly served. *See Weinstock v. Harvey*, 2020 WL 13133417, at *3 (M.D. Fla. Jan. 29, 2020). As a result, his motion for a default judgment cannot stand. *See Robinson v. Georgia*, 2015 WL 1931371, at *3 (S.D. Ga. Apr. 28, 2015) ("'Without valid service of summons or a waiver of service, the [c]ourt cannot establish . . . personal jurisdiction over the defendants, and the case may not proceed.'") (quoting *Mann v. Castiel*, 729 F. Supp. 2d 191, 196 (D.D.C. 2010)).

B.

La Rocca's motion appears wanting on the matter of liability as well. By way of example, to trigger liability under the FLSA's overtime wage provisions, a plaintiff must make a threshold showing that: (1) an employee-employer relationship existed between the parties during the relevant period; and (2) the plaintiff was "covered" by the FLSA during that time frame. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). A plaintiff may meet the coverage requirement by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or (2) that the plaintiff's employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298–99.

For purposes of individual coverage, a plaintiff must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his

>work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24). To establish enterprise coverage, a plaintiff must show that his employer:

>(1) . . . has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person[,] and (2) has an annual gross volume of sales made or business done . . . not less than $500,000.

*Gaviria v. Maldonado Bros., Inc.*, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (internal quotation marks and citation omitted).

Starting with individual coverage, as alluded to previously, La Rocca avers that CSX operated a "technology company" and that he worked as an "information technology manager" in a manner "directly essential to the business performed" by CSX. (Doc. 1 at 2–3). La Rocca also asserts that "[he] was 'engaged in the production of goods' for commerce within the meaning of Sections 6 and 7 of the FLSA." *Id.* at 2.

La Rocca does not submit any case authority showing that these allegations establish individual coverage. (Doc. 14). And La Rocca's legal conclusion that he was "engaged in the production of goods for commerce" is not afforded the presumption of truth. *See Cloer v. Green Mountain Specialties Corp.*, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019) (finding individual coverage to be lacking where the plaintiffs made conclusory allegations that they "were engaged in the production of

11

goods for commerce within the meaning of the FLSA" and that they worked various jobs without explaining how "they were engaged in commerce or the production of goods for commerce"); *Ramos v. Diamond Drywall & Glass, LLC*, 2013 WL 12388526, at *2 (M.D. Fla. May 7, 2013) (deeming averments that the plaintiff "'was engaged in commerce' within the meaning of the FLSA and subject to individual coverage by listing the elements of the FLSA" to be insufficient without further factual support); *Fioretti v. New S. Indus., Inc.*, 2010 WL 11651277, at *3 (M.D. Fla. May 5, 2010) (determining that the plaintiffs did not properly assert they were engaged in commerce or the production of goods for commerce through conclusory allegations they performed worked "as a field project manager and an hourly paid installer").

As for enterprise coverage, La Rocca additionally avers that the "Defendants were and continue to be enterprises covered by the FLSA;" that the Defendants "[a]t all times relevant . . . were engaged in interstate commerce within the meaning of the FLSA;" and that "the annual gross sales volume of [CSX] exceeded $500,000 per year." (Doc. 1 at 2–3). These allegations likewise appear inadequate. *See Lozano v. Datereybru Co., LLC*, 2021 WL 8946695, at *2 (M.D. Fla. Dec. 16, 2021) (finding an allegation that the defendant was "a local transportation company and [was] engaged in interstate commerce within the meaning of the [FLSA]" to be insufficient); *Cloer*, 2019 WL 568358, at *1 (concluding that an averment the defendant "was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA" to be too conclusory); *Ramos*, 2013 WL 12388526, at *3 (rejecting as deficient assertions made by the plaintiff that the defendant was an

"'enterprise engaged in commerce' within the meaning of the FLSA, and based upon 'information and belief, it ha[d] an annual gross revenue in excess of $500,000'"). La Rocca again fails to submit any legal authority suggesting otherwise.[3]

C.

With respect to the matter of La Rocca's request for attorney's fees and costs, La Rocca seeks a fee award of $3,250 for five hours of work performed by his lawyer, Luis A. Cabassa, at an hourly rate of $650. (Doc. 14-2). To buttress this request, La Rocca includes with his motion an affidavit by Cabassa, in which Cabassa attests that he "expended in excess of [five] hours in prosecuting this case." *Id*. Cabassa's affidavit, however, does not provide any meaningful details regarding the various services he performed and the time he spent on those tasks. As a result, La Rocco's fee request is deficient.

Cabassa's requested hourly rate similarly seems to be unsupported. Cabassa asserts in his affidavit that he has been practicing law since 1995 and is board certified by the Florida Bar as an expert in labor and employment law. *Id.* at 1. He also attests that he charges $650 per hour for all new non-contingency clients. *Id*. at 2.

In recent years, however, courts in this District have approved rates much lower than $650 per hour for attorneys handling FLSA matters. *See, e.g.*, *Rizzo-Alderson v.*

---

[3] La Rocca's reliance on *Gonzalez v. Unidad of Miami Beach, Inc.*, 2011 WL 2983671 (S.D. Fla. July 22, 2011) in this regard is misplaced. (Doc. 14 at 10). In that case, the plaintiff alleged that the employer was "'an enterprise engaged in commerce or in the production of goods for commerce' who 'regularly orders goods and materials that come from outside the State of Florida.'" *Gonzalez*, 2011 WL 2983671, at *1. La Rocca does not allege that CSX ordered goods and materials from state(s) other than Florida.

*Tawfik*, 2019 WL 3324298, at *3 (M.D. Fla. July 1, 2019) ("[C]ourts in the Middle District have awarded rates between $250 and $375 per hour in FLSA cases.") (collecting cases), *report and recommendation adopted*, 2019 WL 3323432 (M.D. Fla. July 24, 2019); *De Leon v. Magnum Coatings, Inc.*, 2017 WL 8794773, at *2 (M.D. Fla. Nov. 7, 2017) (reducing the hourly rate in FLSA case from $425 to $350 and collecting cases in support), *report and recommendation adopted*, 2018 WL 1796227 (M.D. Fla. Jan. 10, 2018). Although Cabassa points to a case from this District in which a court approved his hourly rate of $675, that case apparently concerned a class action and thus does not seem to have any application here. (Doc. 14 at 15).

As for costs, La Rocca seeks reimbursement of $544.60 "to recoup the filing fee, the service fee, and postage." (Doc. 14-2 at 2). La Rocca, however, does not submit any documentation evidencing the specific costs he incurred or provide any legal authority demonstrating they are recoverable. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (per curiam) (explaining that the prevailing party bears the burden of tendering "a request for expenses that would enable a court to determine what expenses were incurred"). La Rocca's request for costs in thus infirm as well.

### III.

In light of the above, La Rocca's *Amended Motion for Entry of Final Judgment in Part and Final Judgment in Part as to Liability Only* (Doc. 14) is denied without prejudice. La Rocca may file a renewed motion for a default judgment or seek to amend his complaint by October 17, 2022. La Rocca should ensure that any such renewed motion fully addresses the matters and deficiencies identified in this Order.

SO ORDERED in Tampa, Florida, this 15th day of September 2022.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record